**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:25-MJ-03040-NCC |
| v. ) | (Charging District: 3:25-MJ-00021-GMM, |
| ) | District of Puerto Rico) |
| DANIELLE BERTOTHY, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DETENTION

On January 17, 2025, this matter came before the undersigned Magistrate Judge for a hearing on the motion by the United States for Pretrial Detention and Hearing. Defendant Danielle Bertothy was arrested in this district and made her initial appearance before this Court. Bertothy is charged with arson in the District of Puerto Rico. Defense counsel and the AUSA requested that the hearing be continued until January 22, 2025, and in anticipation of the filing of a written bail report by U.S. Pretrial Services. The undersigned granted the parties' request, and the matter is now fully briefed and ready for consideration.

Under the Bail Reform Act, the government must show, and a court must decide that the charge meets the conditions found in § 3142(f) for a detention hearing to be held. A detention hearing is authorized in cases involving: (1) a crime of violence;[1] (2) an offense carrying a penalty of life imprisonment or death; (3) a federal drug offense carrying a penalty of ten years or more; (4) a felony following convictions for two or more of the three foregoing offenses; or

---

[1] The Government's motion for detention, which was prepared by an AUSA in the District of Puerto Rico, argues both that arson is a crime of violence and, alternatively, that the Government is entitled to a detention hearing because there is a serious risk that defendant Bertothy will flee. *See* Doc. 6.

(5) any felony that is not otherwise a crime of violence that involves a minor victim, or that involves the possession or use of a firearm or destructive device or any other dangerous weapon or involves a failure to register as a sex offender.  18 U.S.C. § 3142(f)(1).  Alternatively, the court may hold a hearing on its own motion or the government's motion in a case that involves a serious risk of flight or a serious risk that the person will obstruct or attempt to obstruct justice; threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror.  18 U.S.C. § 3142(f)(2).  *See United States v. Cook,* 4:23CR241 RLW(JMB), 2023 WL 8463702, *3 (8th Cir. Dec. 7, 2023) (agreeing "the government has the burden to show that the case "involves" one of the circumstances defined in §3142(f)(1) or (2) but rejecting the argument that the judicial officer must conduct two separate hearings in reaching that determination).

      Setting aside the question of whether arson constitutes a crime of violence, the AUSA requested that the Court find that the United States had shown there are requisite circumstances that a detention hearing be held because defendant Bertothy presents a serious risk of flight.  The allegations are that Bertothy was visiting the beach area of Cabo Rojo, when an island-wide blackout occurred on December 31, 2024, one day after she arrived at her Airbnb.  Defendant's Airbnb host gave Defendant a full tank of gas to run a generator at the rental during the blackout.  Investigators believe that Defendant used the red gas tank to pour gasoline and set fire to a structure across the street from her Airbnb in the middle of the night on January 2, 2025.  The building contained four businesses including Bar Marea, and Luichy's Hotel and Restaurant where approximately 20 guests were staying.  Callers reached 911 to alert authorities and evacuations occurred without loss of lives.  The fire destroyed the businesses and the entire building.

The Government proffered witness reports of Bertothy drinking at Bar Marea the night before around 8:30 p.m. Witnesses reported that Defendant appeared to be under the influence of alcohol when she arrived and then she ordered a few drinks and "began acting belligerent and argumentative," before the bar owners asked her to leave. She refused to vacate. The bar owners called local police who arrived and escorted Bertothy to her Airbnb. Bertothy returned to the bar about 20 minutes later and continued to act "aggressively," with the bar staff as they closed for the night. Investigators reviewed surveillance video that included images of a woman in a black dress standing soon before the fire carrying a red container that is familiar because Puerto Rico law mandates the use of a standard red container for an individual's transport of gasoline. Other video surveillance shows an individual—who's face, and clothing cannot be clearly seen, to pour a liquid at Bar Marea at approximately 12:25 a.m. The fire starting shortly thereafter. Defendant ended her trip early and returned to St. Louis on January 2, 2025. Before reaching the airport, Bertothy stopped at a restaurant in Cabo Rojo. Surveillance video at the restaurant shows her dressed in shoes like those worn by the woman carrying the red gas tank before the fire. The AUSA argued at the detention hearing that Defendant also contacted 911 using a Connecticut telephone number to report that she was being removed from the bar, and there are no reports she called 911 to report the fire. If convicted, Bertothy faces a mandatory minimum sentence of five years, which provides incentive to flee.

In addition, I have considered the Pretrial Services Report, which was filed on January 21, 2025, without objection and is adopted here. *See* Doc. 8. After reviewing the Pretrial Services Report and carefully considering the arguments of the parties at the hearing, the Court finds the United States has demonstrated by a preponderance of the evidence that this case involves a serious risk of flight. The evidence further demonstrates that defendant is currently

unemployed, having been terminated from her job because of this indictment. Defendant has a moving "pod" outside her current residence in this district, and her current housing with her mother locally is at risk due to fallout from these allegations. Defense counsel has been able to intervene with the property manager to avoid their immediate eviction. Even so, Defendant would like to move to Stafford, Connecticut and reside with her sister. Bertothy has a serious and recent history of drug and alcohol use. If continued, such drug use could interfere with her ability to appear in court as required and the safety of the community. She reported no history of substance abuse treatment. As such, a detention hearing is authorized in this case, and the undersigned can consider Defendant's serious risk of flight and danger to the community for pretrial release or detention.

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that Defendant must be detained pending trial because the United States has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. As noted above, the United States has also proven by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. The reasons are as follows.

Defense counsel proffered that Defendant is a 36-year-old woman with no criminal history and who is presumed innocent. Defendant was aware that she was under investigation upon return to the Saint Louis area and she did not flee even after a search warrant was served at her residence days before she appeared on the pending indictment. She was compliant and cooperative with local investigators. Defendant can reside in Stafford, Connecticut with her sister, Jessica, who would provide financial and moral support and help assure that Defendant

appear as ordered in Puerto Rico.  She would surrender her passport.  She argued that she would comply with all conditions imposed.  Jessica Bertothy testified credibly at the detention hearing that she is an employed homeowner and can serve as a third-party custodian.  The home Jessica shares with her boyfriend is drug-free, and she has no firearms.  She is unflinchingly supportive of her sister and any requirements that might be imposed by the Court if Defendant is released on bond.  Jessica Bertothy is aware that she might be required to report to the Court and U.S. Pretrial Services any lack of compliance by Defendant with conditions of release.

In addition to what is discussed above, the AUSA argued that the weight of the evidence against Defendant is strong, and the nature and circumstances of this case are serious.  Defendant likely made incriminating statements to local police upon her return from Cabo Rojo during an interview.  On January 7, 2025, local law enforcement found cocaine, and empty boxes of wine and beer cans in Defendant's residence during a search subject to a search warrant.  Defendant has a history of untreated drug and alcohol use, and she has not had prior treatment.  Defendant is without a job and a residence.  Defendant has not lived with her sister in many years.  Jessica Bertothy, who is a mere year older than Defendant, cannot be expected to monitor Defendant's behavior nonstop during the entirety of this case, including when she would need to travel to Puerto Rico for court appearances and where she may need to stay overnight in hotels or an Airbnb.  Thus, I find her proposed home plan could easily destabilize, and electronic monitoring would not appear to be practicable under these circumstances.  Moreover, the allegations involve violence and danger to human life and property.  This is especially notable given these events occurred when Puerto Rico was experiencing an island-wide blackout and where first responders might be hampered by a lack of power.  *See United States v. Marzullo*, 780 F. Supp. 658, 662-65 (W.D. 1991) (holding "by its nature [arson] involves a substantial risk that physical force against

the person or property of another would be used").  Based on this record, Defendant presents both a serious risk of flight and a danger to the community, and she should be detained.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of January, 2025.