CLOSED,CUSTODY

# U.S. District Court
# Eastern District of Missouri (St. Louis)
# CRIMINAL DOCKET FOR CASE #: 4:25–mj–03040–NCC–1
# *Internal Use Only*

| | |
|---|---|
| Case title: USA v. Bertothy | Date Filed: 01/17/2025 |
| Other court case number:  3:25–cr–00021–GMM District of Puerto Rico | Date Terminated: 01/30/2025 |

Assigned to: Magistrate Judge
Noelle C. Collins

**Defendant (1)**

| | | |
|---|---|---|
| **Danielle Bertothy**<br>*TERMINATED: 01/30/2025* | represented by | **Justin K. Gelfand**<br>MARGULIS GELFAND LLC – St. Louis<br>7700 Bonhomme Avenue<br>Suite 750<br>St. Louis, MO 63105<br>314–390–0234<br>Email: justin@margulisgelfand.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br>*Bar Status: Active* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| RULE 5(C)3 COMPLAINT OUT | |

1

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Ryan Finlen** |
| | | UNITED STATES ATTORNEYS |
| | | OFFICE – St. Louis |
| | | 111 S. Tenth Street |
| | | 20th Floor |
| | | St. Louis, MO 63102 |
| | | Email: ryan.finlen@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |
| | | *Bar Status: Gov* |

Email All Attorneys
(will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Docket Text |
|---|---|---|
| 01/17/2025 | | RULE 5 COMPLAINT – OUT signed by Judge Magistrate Judge Noelle C. Collins as to Danielle Bertothy (1). (JWD) (Entered: 01/17/2025) |
| 01/17/2025 | | Arrest of defendant Danielle Bertothy date of arrest: 1/17/2025 on charging papers from District of Puerto Rico (TMT) (Entered: 01/17/2025) |
| 01/17/2025 | 1 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Noelle C. Collins: Admonition read at 1:43 pm. Initial Appearance re: Rule 5c3 – MJ arrest case only as to Danielle Bertothy held on 1/17/2025. Defendant advised of rights and indicated an understanding of those rights. Attorney Justin K. Gelfand for Danielle Bertothy added. Defendant to retain: Private counsel – Justin Gelfand. Rule 5c3 Removal Hearing as to Danielle Bertothy held on 1/17/2025. Defendant does not contest identity and waives identity hearing. Defense counsel requests that the detention hearing be held in the Eastern District of Missouri at a later date. Counsel for the government does not object. The Court will continue the detention hearing to 1/22/2025 at 11:30 am. (Detention Hearing set for 1/22/2025 11:30 AM in Courtroom 15N – St. Louis before Magistrate Judge Noelle C. Collins.). (proceedings started: 2:06 pm) (proceedings ended: 2:20 pm)(FTR Gold Operator Initials: T. Tillman) (Defendant Location: CUSTODY)(Appearance for Government: Ryan Finlen)(Appearance for Defendant: Justin Gelfand) (TMT) (Entered: 01/17/2025) |
| 01/17/2025 | 2 | DUE PROCESS DOCKET TEXT ORDER as to Danielle Bertothy: Pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence –– that is, evidence that favors the defendant or casts doubt on the United States case, as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Noelle C. Collins on 1/17/2025. (TMT) (Entered: |

| | | |
|---|---|---|
| | | 01/17/2025) |
| 01/17/2025 | 3 | CJA 23 Financial Affidavit by Danielle Bertothy (KCD) (Entered: 01/17/2025) |
| 01/17/2025 | 4 | Rule 5 papers prepared by the judge as to Danielle Bertothy. (KCD) (Entered: 01/17/2025) |
| 01/17/2025 | 5 | WAIVER of Rule 5 & 5.1 Hearings by Danielle Bertothy. (KCD) (Entered: 01/17/2025) |
| 01/17/2025 | 7 | ORAL MOTION for Consideration of Detention or Release by USA as to Danielle Bertothy. (TMT) (Entered: 01/21/2025) |
| 01/21/2025 | 6 | MOTION for Bond to be set by Danielle Bertothy. (Gelfand, Justin) (Entered: 01/21/2025) |
| 01/21/2025 | 8 | BAIL REPORT as to Danielle Bertothy. This report is restricted to use by the attorneys of record for the applicable parties. **Providing a copy of the report to any other person is STRICTLY PROHIBITED.** The parties are instructed that the contents of the report are **CONFIDENTIAL** and shall be used only for purposes of a bail determination pursuant to 18 U.S.C. 3153(c)(1) unless an exception under subsection (c)(2) applies. **Warning:** Any party who violates the restricted use provision of the Pretrial Services Report may be found in contempt of court. (RMS) (Entered: 01/21/2025) |
| 01/22/2025 | 9 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Noelle C. Collins: Detention Hearing as to Danielle Bertothy held on 1/22/2025. Arguments and testimony heard. Matter taken under submission. Order to issue. (proceedings started: 11:35 AM) (proceedings ended: 12:08 PM)(FTR Gold Operator Initials: B. Porter) (Defendant Location: CUSTODY)(Appearance for Government: Ryan Finlen)(Appearance for Defendant: Justin Gelfand) (BRP) (Entered: 01/22/2025) |
| 01/22/2025 | 10 | CLERK'S WITNESS LIST as to Danielle Bertothy as to Detention Hearing. (BRP) (Entered: 01/22/2025) |
| 01/28/2025 | 11 | ORDER OF DETENTION as to Danielle Bertothy (1). Signed by Magistrate Judge Noelle C. Collins on January 28, 2025. (BRP) (Entered: 01/28/2025) |
| 01/30/2025 | 12 | COMMITMENT TO ANOTHER DISTRICT as to Danielle Bertothy. Defendant committed to District of Puerto Rico. Signed by Magistrate Judge Noelle C. Collins on January 30, 2025. (BRP) (Entered: 01/30/2025) |

**RULE 5 INITIAL APPEARANCE RECORD BEFORE MAGISTRATE JUDGE NOELLE C. COLLINS**

Type of Case: **Rule 5 OUT - indictment**  Mag. No.: **3047**

Interpreter: **n/a**  D/C Case No.: **3:25-cr-00021-GMM**

Defendant's Name: **Danielle Bertothy**  Age: **36**  DOB: **3.29.1988**

Employment: _____  Education: _____

Date of Initial Appearance: **01/17/2025**  Proceedings Commenced: **2:08PM**

Date Federal Custody Commenced: **1.16.2025**

Location of Initial Appearance: ☑ TFE Courthouse  ☐ Other: _____

U.S. Attorney: **Ryan Finlen**  ☑ Present  ☐ Not Present

Defense Attorney: **RET: Justin Gelfand**  ☑ Present  ☐ Not Present

Pretrial/Probation Officer: **Matt Sanchez**  ☐ Present  ☐ Not Present

Defendant advised of the following:
- ☑ Nature of Offense
- ☑ Given copy of: ☐ Complaint | ☑ Indictment | ☐ Information | ☐ Petition
- ☐ Charging document read to defendant by interpreter
- ☑ Right to be represented by counsel
- ☐ Right to have counsel appointed if indigent
  - ☑ Retained: **Justin Gelfand**
  - ☐ Appointed: _____
- ☑ Right to remain silent; and that defendant's statements can be used against him.
- ☐ Right to preliminary examination under Rule 5.1 or preliminary hearing under Rule 32.1 within 14 days if detained; and within 21 days if released.
- ☑ Right to hearing here under Rule 5 if charged in another district.
- ☑ Right to transfer here for guilty plea under Rule 20 if charged in another district.
- ☑ Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence - that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so.
- ☑ If not U.S. citizen: "You may request that an attorney for the U.S. or a law enforcement official notify a consular office of your country of nationality that you have been arrested—but even without your request, a treaty or other international agreement may require consular notification."

☐ Bail set at: ☐ O/R  ☐ Secured: _____  ☐ Unsecured: _____

☑ Motion for Detention: ☑ United States | ☐ U.S. Magistrate Judge  ☐ Rebuttable presumption applies

☐ Oral motion for bond made by Defendant.

☐ Detention Hearing set for:

Disposition at Initial Appearance: ☐ Committed to Custody  ☐ Released on Bond

☐ **Defendant arraigned.**  ☐ Oral motion for additional time to file pretrial motions made by Defendant.

☐ Motion referred to U.S. Magistrate Judge: _____

☐ **Next Appearance(s):** **Detention Hearing continued to Wed. 01/22/25 at 11:30 am before Judge Collins.**

Case to remain: ☐ Sealed  ☑ Unsealed  Proceedings Concluded: _____

**Notes:**

HON. NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

4

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | Case No. 4:25 MJ 3040 NCC |
| v. | ) | |
| Danielle Bertotty | ) | Charging District's Case No. 3:25-CR-21-GMM |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* United States District Court for the District of Puerto Rico.

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:  1/17/25

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Justin Gelfand
*Printed name of defendant's attorney*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:25-mj-3040-NCC** |
| | ) | |
| **DANIELLE BERTOTHY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

Defendant Danielle Bertothy, by and through her undersigned counsel, Justin Gelfand and the law firm Margulis, Gelfand, DiRuzzo & Lambson, respectfully opposes the Government's motion for detention and requests that this Court release her on bail subject to a combination of conditions of release that will reasonably assure her appearance at trial and the safety of the community or any other person. This Court has scheduled a detention hearing on January 22, 2025 at 11:30 a.m.

As a matter of law, the Bail Reform Act preserves the preference of release of the accused pending trial. *See United States v. Salerno*, 481 U.S. 739, 755 (1987). "Liberty is the norm," and detention prior to trial is "the carefully limited exception." *Id*. Bertothy is 36 years old, has no criminal history, and has known about this federal criminal investigation since ATF executed a search warrant of her house and did not arrest her that day. During the execution of the search warrant and at every moment since then, Bertothy has been entirely compliant with law enforcement, continued to reside at her home in the Eastern District of Missouri, and, through her legal counsel, maintained an open dialogue with both the U.S. Attorney's Office in the Eastern District of Missouri and the U.S. Attorney's Office in the District of Puerto Rico in connection

with this investigation. Despite a clear willingness to self-surrender in the event she was charged with a crime, ATF arrested Bertothy at her home and she complied with law enforcement precisely as directed.

The Government's motion for detention focuses entirely on the allegations against Bertothy and the evidence the Government contends it has against her. However, as this Court is aware, this detention hearing is neither the time nor the place to litigate the underlying merits of the case— and the defense will not take the bait to pre-litigate the factual allegations at this time. Rather, the sole question before this Court now is whether Bertothy is a risk of flight or a danger to the community.

As set out herein and as will be established at the hearing before this Court, Bertothy is neither a risk of flight nor a danger to the community. In stark contrast, she is a 36-year-old woman with no prior criminal history, a supportive family, and a history of stable employment. As such, while the pending allegations are unquestionably serious, the law mandates pretrial release pending trial.

## I.      Procedural Background

Bertothy is charged in a single-count indictment alleging arson on January 2, 2025 in violation of Title 18, United States Code, Section 844(i).

On January 7, 2025, federal agents executed a search warrant at Bertothy's house in this judicial district. During the execution of the search warrant, Bertothy was entirely compliant with law enforcement. Law enforcement completed the execution of the search warrant and left the residence without arresting Bertothy.

Between January 7, 2025 and the date of her arrest (January 16, 2025), Bertothy remained at her residence in the Eastern District of Missouri and maintained an open line of communication with federal agents and prosecutors through her legal counsel.

On January 16, 2025, Bertothy was arrested without incident, appeared before this Court for her initial appearance on January 17, 2025, and requested that this Court set this matter for a detention hearing the following week. Pursuant to the parties' request, this Court set this matter for a detention hearing on January 22, 2025 at 11:30 a.m.

## II.    Applicable Law

Under the Bail Reform Act (hereinafter, the "Act"), "***liberty is the norm***, ***and detention*** prior to trial or without trial ***is the carefully limited exception***." *Salerno*, <u>481 U.S. at 755</u> (emphasis added). As the United States Court of Appeals for the Eighth Circuit has held,

> The passage of the pretrial detention provision of the 1984 Act did not…signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial. Rather, Congress was demonstrating its concern about "a small but identifiable group of particularly dangerous defendants as to whom neither the imposition [sic] of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons."

*United States v. Orta*, <u>760 F.2d 887, 890</u> (8th Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, *reprinted in* 1984 Code Cong. & Ad. News at 3189).

Consistent with the plain language of the statute and with the intent of Congress, the Act encourages release of the accused pending trial so long as some condition or combination of conditions can reasonably assure the appearance of the accused at trial and the safety of the community or any other person. *Id.* at 890-91. "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *Id.* at 891. Moreover, "[d]oubts regarding the propriety of release are to be resolved in favor of defendants." *United States v. Townsend*, <u>897 F.2d 989, 994</u> (9th Cir. 1990).

3

Bertothy acknowledges that this is a case in which there is a rebuttable presumption of detention. However, "[i]n a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence [s]he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met [her] burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes*, 254 F.3d at 436.

"Even in a presumption case," the prosecution "retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community" and by "a preponderance of the evidence that the defendant presents a risk of flight." *Id*. at 436 (internal citations omitted).

### III.    Bertothy Does Not Pose a Danger to Any Other Person or the Community and This Court Can Impose a Condition or a Combination of Conditions to Reasonably Assure This

Bertothy is 36 years old, has no prior criminal convictions, has deep ties to the Eastern District of Missouri where she was arrested at her home, and has a history of stable employment. When law enforcement first made contact with her in connection with this case when executing a search warrant at her residence, Bertothy was fully compliant with law enforcement directives, remained cooperative, and maintained an open line of communication with law enforcement and the prosecution through her legal counsel. Law enforcement did not arrest her on the day of the search warrant—or the entire week after that—clearly underscoring that they did not actually consider her a risk of flight or a danger to the community.

4

In its motion, the Government states that Bertothy "does not have convictions for prior acts of violence." (*See* Doc. 6 at 14). But the fact of the matter is, Bertothy does not have any prior convictions at all. Indeed, until the case that is currently pending before this Court, she has never so much as been arrested—and would not have even been arrested in this case if the Government simply gave her the opportunity to self-surrender instead of executing an unnecessary arrest coupled with a press release publicizing her "arrest." Nevertheless, the Government curiously argues that Bertothy's lack of any criminal history somehow "makes her more of—not less of—a danger to the community." (*Id*.). Not so. The fact that Bertothy at 36 years old has never been arrested or convicted of a crime underscores not that she is more of or less of a danger to the community; it reflects that she is not a danger to the community and that this Court can impose conditions of release in lieu of pretrial detention.

It was clear to the Government that, in the event she was charged with a crime, Bertothy was willing to self-surrender and to obviate the need for law enforcement to execute her arrest— but law enforcement opted to arrest her anyway and to publish in a press release that same day, "Missouri Woman Arrested and Indicted for Arson." To be clear, the circumstances of Bertothy's arrest are what one would expect for somebody like her with no criminal history: law enforcement knocked on the door of her house where they executed a search warrant *more than one week earlier* and she complied with their requests. Thus, even in the absence of any conditions imposed by this Court and prior to any charge being brought against her, Bertothy has demonstrated an unfettered willingness to submit to law enforcement directives.

Against this backdrop and as with any person charged with a crime in this country, Bertothy is by law presumed to be innocent of the pending charge. Indeed, while arson is an unquestionably serious crime, the question of pretrial detention is not a time for the parties to pre-litigate the

substantive case; it is a time for the parties to litigate whether this person is a risk of flight or a danger to the community—no more and no less. To that end, the Government would be hard-pressed to identify how conditions of release set by this Court would not protect the community from criminal conduct or ensure Bertothy will appear in court in Puerto Rico as directed. And as to what the Government contends is the "weight of the evidence against the defendant," the Government has to date not disclosed a single page of discovery to the defense.

To that end, this Court's standard conditions of release are sufficient—but, to be clear, Bertothy would willingly submit to any conditions of release that this Court sees fit, underscoring that detention should remain the "carefully limited exception" that should not apply in this case. *See Salerno*, 481 U.S. at 755. Bertothy has respectfully submitted a proposed home plan to this Court's Office of Pretrial Services which would enable Bertothy to reside with a close family member (who has no criminal history), and if necessary, that close family member is willing to serve as a third-party custodian. To the extent this Court deems it necessary, this Court could impose electronic monitoring as a condition of release.

## IV.   Bertothy Does Not Pose a Risk of Flight and This Court Can Impose a Condition or a Combination of Conditions to Reasonably Assure This

This Court should readily conclude that Bertothy poses no risk of flight. Bertothy has known about this criminal investigation since the execution of the search warrant at her house. And this is no surprise to the Government. Federal agents left without taking her into custody and she remained in this judicial district residing at her home. To state the obvious, Bertothy did not flee the country. In stark contrast, she remained with her mother in this judicial district and, through her legal counsel, she maintained an open line of communication with the Government.

Moreover, Bertothy has deep roots in this country—further underscoring that she poses no risk of flight. She was born and raised in Connecticut, where she proposes she be permitted to

6

reside during the pendency of this case. While the Government asks this Court to conclude Bertothy is somehow a flight risk because she allegedly flew home to Missouri from Puerto Rico, this Court should instead focus on the real question: from the moment she was aware of a criminal investigation when federal agents executed a search warrant at her home, did she flee? No. In stark contrast, she remained at home, retained legal counsel, and maintained an open dialogue through her legal counsel with federal investigators and federal prosecutors.

Furthermore, the Bail Reform Act requires that a court should "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, as reprinted in 1984 U.S.C.CA.N. 3182, 3189). One charged with a crime is, after all, presumed innocent. *See Stack v. Boyle*, 342 U.S. 1, 4 (1951). A single individual unnecessarily detained before trial is one individual too many, and the increasing use of the practice places tremendous wear on our constitutional system. *See United States v. Montalvo-Murillo*, 495 U.S. 711, 723–24 (1990) (Stevens, J., dissenting, joined by Brennan, J. and Marshall, J). Due to these fundamental interests involved, it naturally follows that a "case-by-case" approach is required at any stage of the case in assessing the propriety of pretrial detention. *See United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986) (discussing due process analysis for evaluating propriety of prolonged pretrial detention, and the interests at stake) (citations omitted).

Throughout her adult life, Bertothy has maintained consistent and legitimate employment—only recently losing her job as an account manager at HLK as a result of the negative publicity that arose on social media in connection with these allegations. Indeed, to the extent necessary, this Court can impose a financial component that would only further secure Bertothy's compliance with her conditions of release in this case. If released pursuant to her

proposed home plan, Bertothy would reside in a stable home environment with close family members. The people with whom she would reside are law-abiding and have stable, legitimate employment. If necessary, her close family member has agreed to serve as a third-party custodian to further ensure her compliance with this Court's conditions of release and to assure she appears in court as required in this case.

## V.    Conditions of Release

Defendants before this Court—including individuals charged with crimes of violence—frequently are released on their own recognizance pursuant to a set of conditions of release tailored to their cases.

In this case, Bertothy has proposed a home plan that would enable her to reside with a close family member in a stable home environment where she would not have access to any weapons or contraband. That, coupled with a signature bond and release on her own recognizance, should be sufficient to assure her appearance at future court hearings and to protect the community.

However, to the extent necessary, this Court can impose any combination of the following conditions in this case (or any others this Court deems appropriate):

- Electronic Monitoring
- A bond secured or unsecured with financial ramifications
- Requiring her close family member to serve as a third-party custodian while Bertothy is subject to the Court's conditions of release

Ultimately, the bottom line remains: pretrial detention is unnecessary in this case and there are conditions of release that will reasonably assure both her appearance at trial and the safety of the community.

## VI.    Conclusion

Under these circumstances, and as will be further established at the hearing before this Court, Bertothy should be released on bail with a combination of conditions that will reasonably assure her appearance at trial and the safety of the community or any other person.

This case falls squarely within "the norm," where "liberty" pending trial is appropriate. *Salerno*, <u>481 U.S. at 755</u>.

Respectfully submitted,

**Margulis, Gelfand, DiRuzzo & Lambson**

/s/ *Justin K. Gelfand*
Justin K. Gelfand
7700 Bonhomme Avenue
Suite 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Bertothy*

9

## **Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

/s/ *Justin K. Gelfand*
Justin K. Gelfand
7700 Bonhomme Avenue
Suite 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Bertothy*

10

```
MIME-Version:1.0
From:Moed_AutoSend@moed.uscourts.gov
To:MOED_ECF_Notification@moed.uscourts.gov
Bcc:
--Case Participants: Justin K. Gelfand (justin@margulisgelfand.com), Magistrate Judge
Noelle C. Collins (genevieve_bales@moed.uscourts.gov,
moed_ncc_notifications@moed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11214544@moed.uscourts.gov
Subject:Activity in Case 4:25-mj-03040-NCC USA v. Bertothy Oral Motion
```
Content–Type: text/html

## U.S. District Court

## Eastern District of Missouri

## Notice of Electronic Filing

The following transaction was entered on 1/21/2025 at 4:01 PM CST and filed on 1/17/2025

| | |
|---|---|
| **Case Name:** | USA v. Bertothy |
| **Case Number:** | 4:25–mj–03040–NCC |
| **Filer:** | USA |
| **Document Number:** | 7(No document attached) |

**Docket Text:**
**ORAL MOTION for Consideration of Detention or Release by USA as to Danielle Bertothy. (TMT)**

**4:25–mj–03040–NCC–1 Notice has been electronically mailed to:**

Justin K. Gelfand    justin@margulisgelfand.com

**4:25–mj–03040–NCC–1 Notice has been delivered by other means to:**

# WITNESS LIST

Case Style:  USA v. Danielle Bertothy
Case No:   4:25mj03040 NCC

| π | Δ | Intro Date | Witness Name | Direct | Cross | Re-Direct |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

| π | Δ | Intro Date | Witness Name | Direct | Cross | Re-Direct |
|---|---|---|---|---|---|---|
|   | 1 | 1/22/25 | Jessica Bertothy | X | X | X |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |

**Page     1     of     1**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:25-MJ-03040-NCC |
| v. | ) | (Charging District: 3:25-MJ-00021-GMM, |
| | ) | District of Puerto Rico) |
| DANIELLE BERTOTHY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION**

On January 17, 2025, this matter came before the undersigned Magistrate Judge for a hearing on the motion by the United States for Pretrial Detention and Hearing. Defendant Danielle Bertothy was arrested in this district and made her initial appearance before this Court. Bertothy is charged with arson in the District of Puerto Rico. Defense counsel and the AUSA requested that the hearing be continued until January 22, 2025, and in anticipation of the filing of a written bail report by U.S. Pretrial Services. The undersigned granted the parties' request, and the matter is now fully briefed and ready for consideration.

Under the Bail Reform Act, the government must show, and a court must decide that the charge meets the conditions found in § 3142(f) for a detention hearing to be held. A detention hearing is authorized in cases involving: (1) a crime of violence;[1] (2) an offense carrying a penalty of life imprisonment or death; (3) a federal drug offense carrying a penalty of ten years or more; (4) a felony following convictions for two or more of the three foregoing offenses; or

---

[1] The Government's motion for detention, which was prepared by an AUSA in the District of Puerto Rico, argues both that arson is a crime of violence and, alternatively, that the Government is entitled to a detention hearing because there is a serious risk that defendant Bertothy will flee. *See* Doc. 6.

(5) any felony that is not otherwise a crime of violence that involves a minor victim, or that involves the possession or use of a firearm or destructive device or any other dangerous weapon or involves a failure to register as a sex offender.  18 U.S.C. § 3142(f)(1).  Alternatively, the court may hold a hearing on its own motion or the government's motion in a case that involves a serious risk of flight or a serious risk that the person will obstruct or attempt to obstruct justice; threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror.  18 U.S.C. § 3142(f)(2).  *See United States v. Cook,* 4:23CR241 RLW(JMB), 2023 WL 8463702, *3 (8th Cir. Dec. 7, 2023) (agreeing "the government has the burden to show that the case "involves" one of the circumstances defined in §3142(f)(1) or (2) but rejecting the argument that the judicial officer must conduct two separate hearings in reaching that determination).

Setting aside the question of whether arson constitutes a crime of violence, the AUSA requested that the Court find that the United States had shown there are requisite circumstances that a detention hearing be held because defendant Bertothy presents a serious risk of flight.  The allegations are that Bertothy was visiting the beach area of Cabo Rojo, when an island-wide blackout occurred on December 31, 2024, one day after she arrived at her Airbnb.  Defendant's Airbnb host gave Defendant a full tank of gas to run a generator at the rental during the blackout.  Investigators believe that Defendant used the red gas tank to pour gasoline and set fire to a structure across the street from her Airbnb in the middle of the night on January 2, 2025.  The building contained four businesses including Bar Marea, and Luichy's Hotel and Restaurant where approximately 20 guests were staying.  Callers reached 911 to alert authorities and evacuations occurred without loss of lives.  The fire destroyed the businesses and the entire building.

The Government proffered witness reports of Bertothy drinking at Bar Marea the night before around 8:30 p.m.  Witnesses reported that Defendant appeared to be under the influence of alcohol when she arrived and then she ordered a few drinks and "began acting belligerent and argumentative," before the bar owners asked her to leave.  She refused to vacate.  The bar owners called local police who arrived and escorted Bertothy to her Airbnb.  Bertothy returned to the bar about 20 minutes later and continued to act "aggressively," with the bar staff as they closed for the night.  Investigators reviewed surveillance video that included images of a woman in a black dress standing soon before the fire carrying a red container that is familiar because Puerto Rico law mandates the use of a standard red container for an individual's transport of gasoline.  Other video surveillance shows an individual—who's face, and clothing cannot be clearly seen, to pour a liquid at Bar Marea at approximately 12:25 a.m.  The fire starting shortly thereafter.  Defendant ended her trip early and returned to St. Louis on January 2, 2025.  Before reaching the airport, Bertothy stopped at a restaurant in Cabo Rojo.  Surveillance video at the restaurant shows her dressed in shoes like those worn by the woman carrying the red gas tank before the fire.  The AUSA argued at the detention hearing that Defendant also contacted 911 using a Connecticut telephone number to report that she was being removed from the bar, and there are no reports she called 911 to report the fire.  If convicted, Bertothy faces a mandatory minimum sentence of five years, which provides incentive to flee.

In addition, I have considered the Pretrial Services Report, which was filed on January 21, 2025, without objection and is adopted here.  *See* Doc. 8.  After reviewing the Pretrial Services Report and carefully considering the arguments of the parties at the hearing, the Court finds the United States has demonstrated by a preponderance of the evidence that this case involves a serious risk of flight.  The evidence further demonstrates that defendant is currently

unemployed, having been terminated from her job because of this indictment.  Defendant has a moving "pod" outside her current residence in this district, and her current housing with her mother locally is at risk due to fallout from these allegations.  Defense counsel has been able to intervene with the property manager to avoid their immediate eviction.  Even so, Defendant would like to move to Stafford, Connecticut and reside with her sister.  Bertothy has a serious and recent history of drug and alcohol use.  If continued, such drug use could interfere with her ability to appear in court as required and the safety of the community.  She reported no history of substance abuse treatment.   As such, a detention hearing is authorized in this case, and the undersigned can consider Defendant's serious risk of flight and danger to the community for pretrial release or detention.

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that Defendant must be detained pending trial because the United States has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.  As noted above, the United States has also proven by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required.  The reasons are as follows.

Defense counsel proffered that Defendant is a 36-year-old woman with no criminal history and who is presumed innocent.  Defendant was aware that she was under investigation upon return to the Saint Louis area and she did not flee even after a search warrant was served at her residence days before she appeared on the pending indictment.  She was compliant and cooperative with local investigators.  Defendant can reside in Stafford, Connecticut with her sister, Jessica, who would provide financial and moral support and help assure that Defendant

appear as ordered in Puerto Rico.  She would surrender her passport.  She argued that she would comply with all conditions imposed.  Jessica Bertothy testified credibly at the detention hearing that she is an employed homeowner and can serve as a third-party custodian.  The home Jessica shares with her boyfriend is drug-free, and she has no firearms.  She is unflinchingly supportive of her sister and any requirements that might be imposed by the Court if Defendant is released on bond.  Jessica Bertothy is aware that she might be required to report to the Court and U.S. Pretrial Services any lack of compliance by Defendant with conditions of release.

In addition to what is discussed above, the AUSA argued that the weight of the evidence against Defendant is strong, and the nature and circumstances of this case are serious.  Defendant likely made incriminating statements to local police upon her return from Cabo Rojo during an interview.  On January 7, 2025, local law enforcement found cocaine, and empty boxes of wine and beer cans in Defendant's residence during a search subject to a search warrant.  Defendant has a history of untreated drug and alcohol use, and she has not had prior treatment.  Defendant is without a job and a residence.  Defendant has not lived with her sister in many years.  Jessica Bertothy, who is a mere year older than Defendant, cannot be expected to monitor Defendant's behavior nonstop during the entirety of this case, including when she would need to travel to Puerto Rico for court appearances and where she may need to stay overnight in hotels or an Airbnb.  Thus, I find her proposed home plan could easily destabilize, and electronic monitoring would not appear to be practicable under these circumstances.  Moreover, the allegations involve violence and danger to human life and property.  This is especially notable given these events occurred when Puerto Rico was experiencing an island-wide blackout and where first responders might be hampered by a lack of power.  *See United States v. Marzullo*, 780 F. Supp. 658, 662-65 (W.D. 1991) (holding "by its nature [arson] involves a substantial risk that physical force against

the person or property of another would be used").  Based on this record, Defendant presents both a serious risk of flight and a danger to the community, and she should be detained.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of January, 2025.

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   4:25-MJ-03040-NCC |
| | ) | |
| DANIELLE BERTOTHY | ) | Charging District's |
| *Defendant* | ) | Case No.   3:25-CR-00021-GMM |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of  Puerto Rico _____ ,

*(if applicable)* _____ division.  The defendant may need an interpreter for this language:

_____ .

The defendant:      ☑ will retain an attorney.

☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:        01/30/2025                          _____
*Judge's signature*

Hon. Noelle C. Collins, U.S. Magistrate Judge
*Printed name and title*